**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT DESHON THOMAS,** | ) | |
| **ID # 01829000,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:16-CV-3048-L (BH)** |
| | ) | |
| **LORIE DAVIS,  Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

## I.  BACKGROUND

Robert Deshon Thomas (Petitioner), a Texas state prisoner represented by counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

A Dallas County jury convicted Petitioner of possession with the intent to deliver cocaine in Cause No. F09-61035-V and possession with the intent to deliver phencyclidine in Cause No. F09-61036-V.  (*See* doc. 2 at 1)[1]; *see also Thomas v. State*, Nos. 05-12-01119-CR & 05-12-01120-CR, 2013 WL 5786087, at *1 (Tex. Ct. App. 2013).  He was sentenced to concurrent terms of 40 years' imprisonment on each conviction.  *See Thomas*, 2013 WL 5786087 at *1.  His judgment was

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

affirmed on direct appeal, *see id.* at *6, and the Texas Court of Criminal Appeals refused his petition for discretionary review, *see Thomas v. State*, PDR Nos. 1597-13 & 1598-13 (Tex. Crim. App. Mar. 19, 2014).

Petitioner then filed, *pro se*, a state habeas application, claiming that the trial court lacked jurisdiction over him because of defects in the search warrant. (*See* doc. 15-16 at 92 (arguing that "[t]he evidence was obtained with a [f]undamentally [d]efective search affidavit" and that the trial judge "failed to issue [the] [s]earch [w]arrant in proper form.").) He also filed, through counsel, a separate state habeas application, raising more than thirty claims of ineffective assistance of trial counsel. (*See* doc. 14-19 at 24.) Petitioner claimed:

1. Counsel failed to file any pre-trial motions for discovery.

2. Counsel failed to file pre-trial motions for witness list.

3. Counsel failed to file pre-trial motions for exhibit list.

4. Counsel failed to file request for multi-media evidence.

5. Counsel failed to file notice of intent to use extraneous evidence.

6. Counsel failed to file motions in limine.

7. Counsel failed to file motions to suppress.

8. Counsel failed to file motions to quash the indictment.

9. Counsel did not investigate the indictment as to its validity.

   a. Counsel ineffective in failing to object to indictment and enhancement that contained an invalid charge. [Citation omitted].

   b. applicant pled to a misdemeanor reduction of the charge alleged in the indictment in this matter and the paragraph therefore the indictment is flawed. [Citation omitted].

2

10.  Counsel failed to schedule a pre-trial hearing.

11.  No pre-trial issues were addressed in the court records.

12.  No pre-sentencing investigation or report.

13.  Counsel filed no applications for subpoenas in violation of the Applicant's 6th Amendment right to confront his accusers.

14.  Counsel failed to explain the risks of trial to the applicant as it related to his criminal history.

15.  Counsel erroneously advised the applicant not to accept a 10 year plea agreement offer because Counsel erroneously advised the applicant that the District Attorney was not ready for trial and would be forced to dismiss his case as it was a "try or dismiss" setting. [Citation omitted].

16.  Counsel failed to explain the stipulation of evidence to the applicant.  [Citation omitted].

17.  Counsel failed to review the case file with the applicant. [Citation omitted].

18.  Counsel failed to review any evidence or witness statements with the applicant.  [Citation omitted].

19.  Counsel failed to reveal (sic) the trial strategy with the applicant. [Citation omitted].

20.  Counsel Robertson[] was arrested for felony drug possession after an overdose in Dallas County.  [Citation omitted].

> a.  Applicant alleges that Counsel Robertson's drug use during his representation of the Applicant impaired his representation, effected his legal strategy, effected his motion practice as no motions were filed, effected his advice to Applicant regarding the plea deal offered prior to trial which was erroneous, effected his advice to Applicant to proceed to trial which resulted in a final conviction and forty year sentence and effected his decision to retain trial counsel. [Citation omitted].

> b.  Applicant alleges that Counsel Rober[t]son's performance

3

was impaired which resulted in a violation of Applicant's 6th amendment[] rights.  [Citation omitted].

21.  Counsel was not prepared for trial.

22.  Lead counsel was not present in the courtroom during examination and cross examination of three key state witnesses.

23.  Counsel failed to object to and challenge the admissibility of the gun found during the search.

24. Counsel failed to object to the joinder of F09-61035 & F09-61036 without thirty (30) Days written notice from the Dallas County District Attorney's office in violation of Section 3.02 of the Texas Penal Code.

25.  Counsel failed to interview the Co-Defendant.

26.  Counsel failed to interview witnesses.  [Citation omitted].

27.  Counsel failed to adequately prepare the witnesses that did testify at trial.  [Citation omitted].

28.  Counsel failed to call the Co-Defendant as a witness.

29.  Counsel failed to object to the inappropriate and highly prejudicial questions and statements made the District attorney at trial.  [Citation omitted].

30.  Counsel failed to cross examine officers regarding the true identity of the officers present during the execution of the search warrant.

31.  Counsel failed to investigate defendant's mental health history and precluded presentation of mitigating evidence at the punishment stage which could have reduced the sentence that was imposed. [Citations omitted].

32. Counsel failed to investigate Defendant's mental health, address the Defendant's competency to stand trial and to request the court appointed assistance of a mental health expert

a.  When records contain a substantial amount of evidence about Defendant's  mental health history[,] it was ineffective

4

for defense counsel to fail to request the court appointed assistance of a mental health expert.

33. Defense counsel failed to request limiting instructions with respect to extraneous acts evidence offered during guilt / innocence phase of the trial and failed to request that the jury be required to find the defendant committed the extraneous acts beyond a reasonable doubt before using them in assessing guilt.

(*See* doc. 14-19 at 28-32.)

The trial court consolidated Petitioner's habeas applications and held a hearing on his ineffective-assistance-of-counsel claims. (*See* doc. 12-A at 6 (consolidating Petitioner's writ applications).) It subsequently prepared comprehensive findings of fact and conclusions of law, finding that Petitioner had failed to show either that his counsel provided ineffective assistance or prejudice stemming from counsel's performance. (*See id.* at 1-22.) The trial court also refused to assess Petitioner's challenges to the search warrant because he failed to raise those challenges on direct appeal. (*See id.* at 6.) The trial court's findings were adopted without written order by the Texas Court of Criminal Appeals. *See In re: Thomas*, No. WR-83,659-01 (Tex. Crim. App. June 30, 2016).

Petitioner's federal habeas petition, filed through counsel on October 31, 2016, is a largely-verbatim copy of his state writ applications. In his first claim for federal habeas relief, Petitioner presents word-for-word—with one exception[2]—the same 33 grounds of ineffective assistance of counsel that he presented to the state trial court. (*Compare* doc. 2 at 5, 16-17, *with* doc. 14-19 at 24-32.) In his second claim for relief, Petitioner again presents his claim that the trial court lacked

_____

[2]In his state writ application, Petitioner's second ground for relief alleged that his trial counsel was ineffective for failing to file a "pretrial motion for witness list." (*See* doc. 14-19 at 24-32.) His § 2254 omitted this ground but listed another ground twice. (*See* doc. 2 at 5) ("1) Counsel failed to file no pre-trial motions for discovery; 2) Counsel failed to file no pre-trial motions for discovery." (sic).) In addition, although Petitioner lists a 34th claim for relief, it is a boilerplate allegation that "Counsel's performance was deficient and prejudiced the defense." (*See* doc. 2 at 17.)

jurisdiction over him because of deficiencies in the search warrant. (*Compare* doc. 2 at 7, *with* doc.

15-16 at 92.)

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for

habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable
> > application of, clearly established Federal law, as determined by the Supreme
> > Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination
> > of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term

of art that refers to whether a court's disposition of the case was substantive, as opposed to

procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact.

*Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established

federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite

to that reached by [the Supreme Court] on a question of law or if the state court decides a case

differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*,

529 U.S. 362, 412-13 (2000).  As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001).  Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  *Williams*, 529 U.S. at 407.  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact.  *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000).  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. art. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the

prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams*, 529 U.S. at 393 n.17 (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

A petitioner cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.    **Burden of Proof**

"By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011) (quoting §§ 2254(d)). "[F]ocus[ing] on what a state court knew and did," *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011), the petitioner must "'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Richter*, 562 U.S. 86, 103 (2011)). "The petitioner carries the burden of proof," *Cullen*, 563 U.S. at 181, which is "difficult to meet," *Richter*, 562 U.S. at 102. This is because the "highly deferential standard for evaluating state-court rulings [] demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citation and internal quotations omitted).

Here, the state court rejected the very same claims Petitioner now raises in his § 2254 petition on their merits. *See Miller*, 200 F.3d at 281. The relitigation bar in § 2254(d) therefore applies, and he bears the burden to overcome it. *See Richter*, 562 U.S. at 98; *Cullen*, 563 U.S. at 181.

Petitioner's § 2254 petition does not address the state court's evidentiary hearing on his writ application, the trial court's reasoned order recommending that his writ be denied, or the Court of Criminal Appeal's decision to adopt the trial court's findings and conclusions. It merely restates the claims for relief that he raised in his state court writ application into this Court's standard § 2254 form. Because Petitioner did not attempt to carry his burden to show that the state court erred in

9

denying his claims, his § 2254 petition must be denied with prejudice under § 2254(d).[3]

**B.      *Strickland* Prejudice**

In addition, Petitioner's allegations of ineffective assistance of counsel must be rejected because he has made no attempt to show that counsel's performance caused him prejudice. Petitioner's petition lists 32 grounds on which he believed counsel performed deficiently, but does not try to link counsel's performance to the jury's verdict or argue that, had counsel been more effective, the result would have been different.  (*See* doc. 2 at 6, 16-17.)  At the end of his list of counsel's alleged deficiencies, Petitioner simply writes "Applicant contends that Counsel's performance . . . prejudiced the defense."  (*Id.* at 17)  He cannot satisfy the second prong of *Strickland* with mere speculation and conjecture, however.  *Bradford*, 953 F.2d at 1012.  His conclusory allegation that his counsel "prejudiced the defense" does not satisfy his burden under *Strickland.  See Miller*, 200 F.3d at 282 ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").  Because Petitioner has failed to allege even a colorable showing of prejudice, he is not entitled to relief on his ineffective assistance of counsel claims.

**V. DUE PROCESS**

Petitioner's reply alleges for the first time that "the State District Court of Texas has failed to give him due process in terms of fair hearing in adjudicating the merits of his unlawful detention." (*See* doc. 18 at 1.)  His allegation is conclusory.  He fails to identify any infirmity in the state courts' habeas proceedings—proceedings during which he was represented by counsel, participated in an evidentiary hearing on his claims, and had the opportunity to dispute the trial court's findings of fact

---

[3]Because Petitioner is represented by counsel, his formal pleadings are held to a more stringent standard than habeas petitions written by inmates *pro se.  See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

and conclusions of law.  His unsubstantiated allegation that the state denied him due process is belied by the record and insufficient to raise a Constitutional claim in this habeas proceeding.  *See, e.g.*, *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case.").  Therefore, the Court should reject Petitioner's allegation that the state violated his rights to due process.

Petitioner's reply also attempts to add the facts necessary to support his twenty-seventh ground of ineffective assistance of counsel—that counsel "failed to interview witnesses." (*See* doc. 18 at 6; *see also* doc. 2 at 17.)[4]  Specifically, Petitioner alleges that his counsel should have interviewed the police officer who found Thomas's mail at that the home where he was arrested. (*See* doc. 18 at 6.)  The state habeas court rejected that claim because Petitioner failed to show that the officer's testimony would have exonerated Petitioner.  (*See* doc. 12-A at 16-17.)

Here, Petitioner makes no attempt to carry his burden to show that the state habeas courts wrongly rejected his claim.  He argues only that counsel must be ineffective because he failed to interview such an important witness.  (*See* doc. 18 at 6. ("Officer Rickerman was not even interviewed in any investigation conducted on behalf of [Petitioner].  This information was crucial considering the State of Texas used that information to create a direct[] link between [Petitioner] and the residence.  Any attorney charged with representing a Defendant in this type of case, at a minimum, should have interviewed this officer.") (internal citation omitted).)

Applying § 2254's framework, Petitioner's claim must be rejected.  As the state habeas court concluded, Petitioner failed to show *Strickland* prejudice—that is, how the officer's testimony would have exonerated Petitioner.  Because Petitioner has made no attempt to show how the state habeas

_____

[4]Petitioner's § 2254 petition lists ground 27 twice.  (*See* doc. 2 at 17 ("27) Counsel failed to interview witnesses; 27) Counsel failed to adequately prepare the witnesses that did testify at trial").).

court erred in its ruling, and because the state court correctly determined that Petitioner was not entitled to relief on that claim, the Court should deny his claim that his counsel was constitutionally ineffective for failing to interview the police officer.

Petitioner's reply also attempts to add an unexhausted claim that was not presented to the state court or to this Court in his initial § 2254 petition. For the first time, he urges that his counsel was ineffective for failing to interview the owners of the home at which he was arrested.[5] (*See* doc. 18 at 6.) Petitioner claims that he "was there [at the home] in strictly a contractor capacity," and he theorizes that its owners could have explained "the terms of the agreement made by the owner[s] and [Petitioner] as to the work that was to be done and the amount for the services." (*See id.*)

Petitioner fails to acknowledge that this claim was not presented in his habeas application to the state court or in his § 2254 petition. Because he is entitled to no habeas relief on his claim, however, the Court may bypass the procedural hurdles and reject the claim on its merits. *See* 28 U.S.C. § 2254(b)(2) (providing hat the Court may deny a habeas petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the court of the State"); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2) to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith.").

Counsel has a duty to make reasonable investigations or to make a reasonable decision that particular investigations are unnecessary. *See Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999). To establish that an attorney was ineffective for failure to take an investigative step, a petitioner

---

[5]In his state habeas proceedings, Petitioner argued only that his counsel was ineffective for failing to interview Officer Rickerman, his uncle, and his co-defendants. (*See* doc. 15-16 at 19, 28.)

must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Here, Petitioner has failed to show that his counsel's decision not to interview the homeowners prejudiced his defense. Petitioner does not identify the homeowners. More critically, he fails to offer any link between counsel's decision not to interview them and the jury's verdict at trial. Because Petitioner has failed to carry his burden to show that interviewing the homeowners would have likely resulted in a different outcome, he is entitled to no relief on this claim. *See Strickland*, 466 U.S. at 695-96.

## VI. *MARTINEZ V. RYAN* and *TREVINO V. THALER*

In his reply, Petitioner also argues

> With respect to [his] claims 32 and 33 addressing defense counsel's failure to obtain psychological testing and his virtual abandonment of [Petitioner] at trial, it is respectfully submitted that these are not constitutional claims of ineffective assistance of counsel, which are barred by the United States Supreme Court decision in *Coleman v. Thompson*, 501 U.S. 722 (1991). Instead, it is respectfully submitted that the facts set forth in the writ of habeas corpus are set forth to establish cause and prejudice under *Martinez v. Ryan*, and are therefore not subject to an exhaustion analysis.

(doc. 18 at 10.)

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17. In *Trevino v. Thaler*, the Supreme Court held that the Texas bar on successive or subsequent state habeas applications "will not bar a

federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (citing *Martinez*, 566 U.S. at 17).

*Martinez* and *Trevino* addressed state procedural bars for successive petitions; neither case applies here. Petitioner's state-habeas counsel did raise grounds 32 and 33 in his state writ application, and the habeas court rejected those claims on their merits. Because those claims were properly presented on state habeas review, there is no procedural bar to federal review of those claims. Petitioner need not rely on the rule of *Martinez* or *Trevino* to overcome any such bar.

## VII.  SEARCH AND SEIZURE

In his second claim for relief, Petitioner argues that there were numerous deficiencies in the search warrant for the house in which the police found drugs and guns. Specifically, he claims that the warrant was issued on an "insufficient complaint," was "not in proper form," and "failed to meet the requisites of a valid search warrant affidavit." (*See* doc. 2 at 8.) He adds that the "Judge failed to inspect the search warrant." (*Id.*) He reasons that, because the warrant was infirm, the trial court never had jurisdiction over him, rending his criminal judgment "a complete nullity." (*Id.*)

Respondent argues that Petitioner's Fourth Amendment claims are not cognizable in this federal habeas proceeding under the rule of *Stone v. Powell*, 428 U.S. 465, 482 (1976). (*See* doc. 12 at 12.) It is well-settled that a claim that evidence obtained pursuant to an unconstitutional search and seizure was admitted at trial cannot be a basis for federal habeas relief if the state provided an opportunity for a full and fair litigation of the Fourth Amendment claim. *Williams*, 529 U.S. at 375; *Stone*, 428 U.S. at 482. If a state has a process that allows an opportunity for full and fair litigation of Fourth Amendment claims, federal habeas review of those claims is barred, even if a defendant

did not use the state process to litigate the claims. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006). The State of Texas has a process that allows defendants to litigate Fourth Amendment claims at the trial level and on direct appeal. *Register*, 681 F.3d at 628 ("Texas has processes that allow defendants like Register to pursue Fourth Amendment claims at the trial level and on direct appeal.").

In his reply brief, Petitioner argues for the first time that the State did not afford him sufficient opportunity to litigate his Fourth Amendment claim because his "defense attorney wholly failed [to] file[] a motion to suppress the State's evidence." (*See* doc. 18 at 9.) This conflates counsel's failure to litigate such a motion with a claim that the State provided him no opportunity to do so. A defense attorney's failure to file a motion to suppress does not erode *Stone*'s bar, which prevents federal review of Petitioner's Fourth Amendment claim. *See, e.g.*, *Gary v. Epps*, 248 F. App'x 497, 499 n.1 (5th Cir. 2007) (explaining that *Stone* precludes a federal court from granting federal habeas relief on an independent Fourth Amendment claim, but *Stone* does not bar an ineffective assistance of counsel claim predicated on counsel's failure to file a suppression motion); *accord Kimmelman v. Morrison*, 477 U.S. 365, 382-83, 106 (1986). Because "Texas has processes that allow defendants like [Petitioner] to pursue Fourth Amendment claims at the trial level and on direct appeal," *Register*, 681 F.3d at 628, he cannot raise a cognizable Fourth Amendment claim here, *see Stone*, 428 U.S. at 482. Petitioner is not entitled to relief on his second claim.

## VIII. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 10th day of September, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE