# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT DESHON THOMAS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-03048-L-BH** |
| | § | |
| **LORIE DAVIS,** *Director*, **TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Robert Deshon Thomas's ("Petitioner") Petition for Writ of Habeas Corpus (Doc. 2), filed October 31, 2016; Lorie Davis's ("Respondent") Response (Doc. 12), filed February 17, 2017; and Petitioner's Reply (Doc. 18), filed April 10, 2017. On September 10, 2018, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court deny with prejudice Petitioner's petition under 28 U.S.C. § 2254.

## I.   Background

With respect to Petitioner's ineffective assistance of counsel claims, the magistrate judge determined that Petitioner fails to overcome the relitigation bar in § 2254(d), which requires a showing that the state court's ruling on the claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Report 9 (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014) (citation omitted)). Specifically, Petitioner neither addresses the trial court's comprehensive and reasoned findings of facts and conclusions of law (Doc. 12-1) that concluded he had failed to show either that his counsel provided ineffective assistance or prejudice stemming from counsel's performance, nor

addresses the Court of Criminal Appeal's decision adopting the trial court's findings. Petitioner, for the most part, merely restates his claims for relief raised in the state habeas application and makes conclusory arguments that counsel's performance prejudiced the defense at trial. The magistrate judge noted that the petition included one ground of relief that was not raised at the state's habeas proceedings, and thus not exhausted—that counsel failed to interview the owners of the home at which he was arrested "to ascertain whether Thomas was there in strictly a contractor capacity." Doc. 18 at 6. The magistrate judge noted that the court, guided by the administration of justice, has discretion to consider the merits of this claim, despite it being unexhausted, and concluded that the Petitioner failed to show that, had counsel decided to interview these unidentified homeowners, the trial likely would have resulted in a different outcome.

With respect to Petitioner's claim that the state courts' habeas proceedings violated his due process rights by failing to provide a fair hearing on his petition, the magistrate judge determined this allegation was conclusory, in light of the proceedings that took place, at which Petitioner was represented by counsel and participated in an evidentiary hearing, and had an opportunity to dispute the trial court's findings of fact and conclusions of law.

With respect to Petitioner's claim that the state trial court had no jurisdiction to convict him because the search warrant for the house contained numerous deficiencies, the magistrate judge invoked the well-settled rule that this claim cannot be a basis for federal habeas relief if the state provided an opportunity for a full and fair litigation of the Fourth Amendment claim. Report 14 (citing *Stone v. Powell*, 428 U.S. 465, 482 (1976), and *Williams v. Taylor*, 529 U.S. 362, 375 (2000)). The magistrate judge determined that the Texas judicial system offers opportunity for defendants to pursue Fourth Amendment claims at the trial level and on direct appeal, and, therefore, a federal court is precluded from granting federal habeas relief on this ground.

On September 24, 2018, Petitioner filed Objections to the Report through counsel (Doc. 24). Though Petitioner is represented by counsel, he filed a request for an extension of time (Doc. 25) to submit further objections on the basis that he did not receive notice from the court or his attorney that the Report had been issued and imposed a 14-day deadline for filing objections. The magistrate judge granted the request on October 3, 2018 (Doc. 26), resetting the deadline to October 26, 2018. On October 10, 2018, the court received a separate set of Objections to the Report from Petitioner (Doc. 27), which were mailed from the Gatesville correctional facility where he is in custody. The court has considered both sets of objections in its review of the Report and addresses them separately.

## II.    Objections Filed by Counsel

In response to the magistrate judge's findings on the ineffective assistance of counsel claims, Petitioner merely recites the bases for his claims and does not address the merits of the magistrate judge's Report. Petitioner makes a conclusory argument that the state court's findings of facts and conclusions of law did not provide "valid grounds," which falls short of meeting his burden to show that the ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White*, 572 U.S. at 419 (2014). Petitioner restates his argument that attorney Phillip Robertson ("Robertson")[1] was under the influence at trial and, therefore, was ineffective as a matter of course. Petitioner, however, offers no evidence in his § 2254 petition or in his objections that Robertson was under the influence at trial or at any point during his representation of Petitioner; nor did Petitioner, at the evidentiary hearing before the state court, offer evidence of

---

[1] In his objections, Petitioner refers to previous counsel as "Philip Roberson," but, after reviewing the record, the court determines that the proper spelling is "Phillip Robertson." *See* Doc. 12-1 at 4, n.1.

**Memorandum Opinion and Order – Page 3**

such. (Doc 12-1 at 5) ("No evidence was presented that Robertson was under the influence of narcotics at the time he represented Applicant.") Further, the state trial court found that Robertson ceased representation sometime between January 2012 and May 2012, at which point Petitioner was represented by new counsel. *Id*. The trial began on or about July 16, 2012—months after Robertson withdrew his involvement in Petitioner's case. *Id*. Petitioner's argument appears to be based on his discovery of an article that reported Robertson was arrested for felony drug possession in 2014—two years after Petitioner's trial. *Id*. This fact alone does not establish that Robertson, at any point during his pretrial representation of Petitioner, performed legal services under the influence of drugs. As Petitioner has failed to demonstrate that the state court's ruling on this issue was "so lacking in justification," this objection is **overruled**.

Petitioner also restates his claims that Petitioner would have been exonerated had his counsel objected to the admissibility of a gun found in the residence and interviewed or called as a witness Officer Rickerman who allegedly found Petitioner's mail—an automobile insurance bill addressed to Petitioner at the house where he was arrested—as this mail provided the evidence linking him to the house where incriminating evidence was seized. On the issue of the gun's suppression, Petitioner wholly fails to address the state court's findings that he did not state what objection could have been made or demonstrate it would have been sustained, as the gun was seized pursuant to the valid search warrant and deemed to be relevant evidence at trial. Doc 12.1 at 19. On the issue of subpoenaing the officer, the state court determined that there was no evidence that this particular officer found the envelope; the envelope was instead traceable to the lead detective who performed inventory of the evidence discovered after a search and seizure of the residence. Doc 12-1 at 17. Additionally, the record shows that this envelope was not the only evidence linking Petitioner to the residence. According to the summary of facts in the Fifth District

Court of Appeals of Texas's opinion affirming the trial court's judgments of Petitioner's convictions, the lead narcotics detective observed Petitioner and a codefendant walking from the house's front porch through the yard, immediately before the search warrant was executed. *Thomas v. State*, 2013 WL 5786087, *2-3. During the search of the house, officers recovered Texas identification cards in the names of both Petitioner and the codefendant. *Id*. In light of these facts, Petitioner fails to make an adequate challenge under § 2254(d) to the trial court's determination that counsel's decision not to call Officer Rickerman rendered his assistance of counsel ineffective. Accordingly, this objection is **overruled**.

Finally, in response to the magistrate judge's finding that Petitioner's claim regarding the search warrant's admissibility is barred under *Stone v. Powell*, Petitioner contends that his claim is ineffective assistance of counsel, rather than a Fourth Amendment violation. While Petitioner's Reply argues that he was not afforded *sufficient opportunity* for review of his Fourth Amendment claims (Doc. 18 at 9)—a claim which would be barred—Petitioner's Objections argue that counsel failed to file a motion to suppress the search warrant. He contends that the motion would have been granted and resulted in Petitioner's exoneration—a claim that is not barred under *Stone v. Powell*. Petitioner, however, fails to show that the state court "was so lacking in justification" when it concluded Petitioner had not shown how he was harmed or prejudiced by counsel's failure to file certain requested pretrial motions, including a motion to suppress, or how those motions would have been successful. Doc 12.-1 at 8-9. In any event, Petitioner fails to adequately demonstrate to the court—through his petition, reply brief, or objections—that there is a reasonable probability that, but for counsel's decision not to file a motion to suppress, he would have been exonerated of his convictions. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different.") His objection on this final ground is thus **overruled**.

### III.     Objections Filed Pro Se

Petitioner first contends that the magistrate judge erroneously analyzed his challenge to the search warrant's admissibility as a Fourth Amendment claim. Petitioner contends that the search warrant for the house did not fulfill statutory requirements, and, therefore, the state trial court lacked personal and subject matter jurisdiction over him. Petitioner cites *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001), for the proposition that a court lacks jurisdiction "if the document purporting to be a charging instrument (that is, indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument." Doc. 27 at 2. At the evidentiary hearing, the trial court considered challenges to the defectiveness of the indictment and concluded that Petitioner failed to show that it was defective or that a motion to quash it would have been granted. Doc 12-1 at 19. Petitioner, in his objections, does not demonstrate how the state court's ruling on this issue was "so lacking in justification." Moreover, "[w]here the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citation omitted). Petitioner's argument also appears to be based on a misguided interpretation of the relevant rule in *Nix*, which applies to defective indictments. The apparent factual basis for his challenge is that the *search warrant* of the house did not mention Petitioner by name or description, which does not implicate the validity of the *indictment* or, accordingly, the trial court's jurisdiction. The court, therefore, **overrules** this objection.

Second, Petitioner makes a number of conclusory objections to the Report, none of which cures the concerns raised by the magistrate judge, and they merely restate the basis of his claims.

The court has adequately addressed these objections in the previous section reviewing objections raised by Petitioner's counsel. Specifically, the court has addressed objections relating to previous counsels' decisions not to file pretrial motions or interview certain witnesses, and objections relating to Robertson's representation in light of his alleged drug use. To the extent Petitioner challenges Robertson's discontinued representation, the court **overrules** this objection because Petitioner was represented by alternative counsel, Steven Lafuente ("Lafuente"), before his trial and prior to his bond hearing. Petitioner does not establish that this change in counsel prejudiced his defense, only that Robertson's withdrawal was a "dishonest act" and "contrary to his responsibilities as a license[d] Texas attorney." Doc. 27 at 8. Moreover, the state court, in its findings of fact and conclusions of law, noted that Petitioner did not present evidence at the evidentiary hearing regarding Robertson's representation, did not testify "regarding why he elected to retain Lafuente shortly before trial," and, therefore, "failed to prove that Robertson's representation was ineffective." Doc. 12-1 at 5-6. Petitioner does not challenge the state court's finding on this issue to overcome the relitigation bar in § 2254(d) and, therefore, his objection **is overruled**.

Finally, Petitioner contends that Lafuente advised him not to accept a plea bargain because the State was not going to try the case, and, but for this advice, Petitioner would have taken the State's plea and avoided the higher sentence he received on each conviction. Petitioner's § 2254 petition and his objections fail to address the state court's findings and conclusions on this issue, which comprehensively addressed Petitioner's rejection of a plea bargain offer. Doc. 12-1 at 10-12. The state court determined that Petitioner rejected the plea bargain offer prior to Lafuente being retained, and that Petitioner rejected the plea bargain offer in favor of a "wait and see" approach as to whether the state would be ready for trial, to keep open the chance he might receive probation

rather than custody pursuant to a plea agreement. *Id*. In his objections, Petitioner does not address these findings to sufficiently meet his burden of proof establishing that he is entitled to relief under § 2254(d). Therefore, this objection is overruled.

## IV.     Conclusion

Having reviewed the record in this case, Report, and applicable law, and, having conducted a de novo review of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** the objections and **dismisses with prejudice** this action for failure to show entitlement to relief under 28 U.S.C. § 2254(d).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

   (a)   Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

   (b)   Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Memorandum Opinion and Order – Page 8**

event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed in forma pauperis on appeal.

**It is so ordered** this 20th day of November, 2018.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge